UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ME2 PRODUCTIONS, INC.,

    Plaintiff,

v.

SIMON POULSON, *et al.*,

    Defendants.

Case No. C17-0466RSL

ORDER REGARDING SERVICE BY MAIL

This matter comes before the Court on plaintiff's "Motion to Permit Alternative Mail Service or for Additional Time to Attempt Process Service." Dkt. # 19. Plaintiff has not served two of the named defendants, and the 90 day deadline for service expired on June 20, 2017. Two days later, plaintiff filed this motion seeking leave to serve Yotam Shaked and Pamila Khounmany by mail or, in the alternative, for an extension of time in which to serve.

**A. Service by Mail**

Federal Rule of Procedure 4(e)(1) allows plaintiff to effect service "pursuant to the law of the state in which the district is located." Washington law authorizes service by mail upon a showing that (a) defendant has made reasonably diligent efforts at personal service (Rodriguez v. James-Jackson, 127 Wn. App. 139, 140 (2005)), and (b) defendant resides in the state but has concealed herself in order to avoid service of process (RCW 4.28.100(4)). Plaintiff has made multiple unsuccessful attempts to personally serve defendants Shaked and Khounmany. Lack of success in personal service does not

ORDER REGARDING SERVICE BY MAIL - 1

necessarily justify service by mail, however. The facts regarding Shaked and Khounmany vary and must be considered separately.

With regards to Shaked, there is evidence that the named defendant resides at, or is associated with, the address used by the process server. The server reported that defendant answered the intercom at one point, but denied his identity. In addition, the third-party server left a message through the intercom to which Shaked has apparently declined to respond. All of the prerequisites for allowing service by mail are therefore satisfied as to defendant Shaken, and there is reason to believe that service by mail will effectively notify defendant of the claims against him.

With regards to defendant Khounmany, however, there is no indication that the address used by the process server is, in fact, connected to defendant. In its motion, plaintiff states that the address has been confirmed by the ISP "and/or investigative databases," citing counsel's declaration as support. Dkt. # 19 at 2. The declaration is silent regarding what information was provided by the ISP and what investigation was done to confirm that the defendant could be found at the specified address. Nor is there anything in the process server's notes that ties Khounmany to the address used: there are no names on the intercom in the apartment building in which Khounmany has been sought and neither the manager nor a tenant confirmed her residence. Even if the Court assumes that Comcast provided the address listed on the summons, the information was provided in relation to internet usage in March 2017, more than three months ago. Absent some evidence from which one could reasonably conclude that the defendant currently resides at, or is associated with, the address used by the process server, the Court will not assume that service by mail will effectively notify Khounmany of this lawsuit.

Second, there is no evidence from which one could reasonably conclude that Khounmany is concealing herself for the purpose of avoiding service. None of the entries made by the process server gives rise to an inference that the apartment was

ORDER REGARDING SERVICE BY MAIL - 2

1 occupied when the process server arrived and that the resident refused to answer the
2 door/intercom. The prerequisites for allowing service by mail are not, therefore, satisfied.
3 There being no reason to believe that service by mail at the addresses used by the process
4 server will effectively notify Khounmany of the claims against her, the motion for leave
5 to serve by mail is DENIED.

**B. Extension of Service Deadline**

It can be challenging to meet the 90 day service deadline in BitTorrent cases where plaintiff must first conduct discovery from the ISP before it can identify, name, and serve the defendant. It can be done, however, and the Court has repeatedly indicated that it expects at least a good faith effort to comply with the service deadline. In this case, the motion for leave to conduct expedited discovery was granted in a timely manner, and plaintiff has not indicated that there was any delay in the ISP's response. As the Court has previously noted, in these circumstances, an extension of time should be necessary only if a defendant failed to waive or was dodging service.

Plaintiff asserts that Khounmany "elected not to return the request for waiver" of service under Fed. R. Civ. P. 4(d). Dkt. # 19 at 1. There is no evidence that a waiver was ever sent, however, much less that it was sent in a timely manner. The only evidence of attempted service in the record shows that plaintiff engaged a process server twelve days before the deadline for service. Plaintiff has not shown good cause for an extension of time. Nevertheless, a brief extension of the service deadline will be granted in this case because the Court had not previously considered this situation. In the future, however, similar evidentiary showings will result in the dismissal of the claims against unserved defendants.

For all of the foregoing reasons, plaintiff's request for permission to serve defendant Shaked by mail is GRANTED. The request to serve defendant Khounmany by

ORDER REGARDING SERVICE BY MAIL - 3

mail is DENIED. The alternative request for a fourteen day extension of the service deadline to serve Khounmany is GRANTED. Plaintiff shall, on or before July 5, 2017, file proofs of service as to defendants Shaken and Khounmany or a second motion detailing the efforts made toward effecting personal service and establishing good cause for a further extension of time. Failure to timely file or to make the required showing will result in dismissal of the claims against any unserved defendants.

Dated this 28th day of June, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge